WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding defendants, Pendleton Memorial Methodist Hospital [“Pendleton”] and ABC Insurance Company, liable to plaintiff Grave Levigne for damages she incurred as a result of slipping on the hospital floor.
Plaintiff Levigne sued Pendleton and its insurer for damages resulting from a broken hip that she suffered after slipping on a damp floor in the hospital. The trial judge awarded plaintiff $6,373.66 for medical and other special damages and $7,500.00 in general damages. Plaintiff has appealed the award for general damages, asserting that it is insufficient and that the trial court did not take all factors into consideration in determining the award. Although defendants answered the appeal by urging this court to overturn the lower court’s decision on liability, it neither briefed nor argued this assertion, and it is, therefore, not before this court.[1]
FACTS
Plaintiff was in the hospital visiting her son who was a patient there. Plaintiff went to the nurses’ station to ask for some empty coffee cups for her son’s other visitors. The nurses at the station told her that she could get the cups from the utility room across the hall from the station. After getting the cups, plaintiff slipped on the tiled floor of the utility room and landed halfway in the utility room and halfway in the hall. She was immediately taken to the emergency room of the hospital and was diagnosed as having a broken hip. She required surgery, and during the operation, the surgeon noted and became concerned about the appearance of her bone structure; it was soft and he felt that plaintiff may have been suffering from osteoporosis as well as having a pre-existing subacute fracture. He obtained a biopsy of the bone during surgery and sent it to the pathology department. The pathology report confirmed his diagnosis of osteosporosis. The surgeon testified that, in his opinion, plaintiff’s fall was caused by her hip “giving way” as a result of the pre-existing fracture, and not necessarily slipping on the floor.
After surgery, plaintiff stayed in the hospital for two weeks and had to stay in bed at home for one month. She then used a walker and later progressed to a “quad” (four-legged) cane, which she still uses. Approximately five months after the accident, her physician examined her and found that she had no complaint. At trial, however, plaintiff testified that she still suffered problems with her hip, foot and shoulder that she had not had before the fall.
Plaintiff asserts that $7,500.00 is too low an award for general damages. Defendants argue that this amount is not inconsistent with the finding given by the trial court in its denial of plaintiff’s motion for a new trial: the plaintiff’s fall in this hospital simply aggravated a pre-existing condition. We note that the trial court specifically rejected the surgeon’s conclusion that the condition was the cause of the fall.
Although a trial judge is given great discretion in determining damages, the amount awarded plaintiff in this case was so low as to be an abuse of that discretion. For example, in Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 (La.App. 3d Cir.1982), an elderly [71 years old] hospital visitor fell on the premises and fractured her hip. The plaintiff in Head required hip surgery twice and like the plaintiff in this case, she suffered a severe curtailment of her activities. In Head, the plaintiff was awarded $50,-000.00.
*638 After deciding that an award is too low, we can only raise it to the lowest point that would have been within the discretion of the trial court. Coco v. Winston Indus., Inc., 341 So.2d 332, 335 (La.1975). We have reviewed the evidence presented at trial: plaintiff, who was 67 years old, spent two weeks in the hospital after surgery, one month bedridden, and is unable to walk without a cane. Furthermore, her doctor testified that she suffered 15-20% permanent disability in her hip. Based on these facts, we find the lowest reasonable amount plaintiff should have been awarded was $20,000.00. There is nothing in the record to indicate that plaintiffs pre-exist-ing condition would have caused her to eventually suffer some disability, or the amount of time which she could have expected to be without some disability had she not fallen.
While she was hospitalized and unable to move, plaintiff’s son died in the hospital. Plaintiff also argues that she should be recompensed for the mental anguish that she suffered as a result of not being with her son before his death. As defendant points out in brief, however, this element of damages was never raised below and no evidence, even in the form of testimony, is in the record to make a determination of whether plaintiff suffered and if so, to what extent. For these reasons, we must reject this argument.
For the foregoing reasons, the decision of the trial court is affirmed and amended insofar as to raise the amount of general damages to $20,000.00. All costs of this appeal are to be borne by defendant.
AFFIRMED AS AMENDED.
REDMANN, C.J., dissents.

. We have, however, reviewed the record and determined that it was not an abuse of the trial court’s discretion to find defendants liable.